UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN WILRIDGE,<br>　　　　　Petitioner,<br>　v.<br>SCOTT KERNAN, et al.,<br>　　　　　Respondents. | Case No. 17-cv-07347-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 1, 7 |

Quinn Wilridge, an inmate at the Correctional Training Facility, filed this *pro se* action seeking a writ of mandate. His petition is now before the court for review pursuant to 28 U.S.C. § 1915A. The court also considers his request for appointment of counsel.

**BACKGROUND**

Quinn Wilridge was convicted in Santa Clara County Superior Court of robbery and was found to have suffered six prior convictions. On February 1, 2002, he was sentenced to 30 years to life in prison.

In 2009, Wilridge filed a federal petition for writ of habeas corpus to challenge his state court conviction and sentence, *Wilridge v. Marshall*, N. D. Cal. No. 09-cv-2236 SI (the "2009 case"). The key issue litigated in the 2009 case was whether that petition had been filed before the expiration of the habeas statute of limitations period. Counsel was appointed for Wilridge and an evidentiary hearing was held to determine whether Wilridge was entitled to equitable tolling due to his mental illness. The court concluded that the petition was time-barred.

In the present action, Wilridge attempts to assert claims for the failure to bring him to federal court to attend two of the three sessions of an evidentiary hearing in the 2009 case,

notwithstanding that a writ of habeas corpus ad testificandum had been issued for him to be brought to court.

A. <u>Allegations In The Petition For Writ of Mandate</u>

The petition for writ of mandate alleges the following:

On January 27, 2015, this court issued a writ of habeas corpus ad testificandum for Wilridge, who was then housed at the California Men's Colony in San Luis Obispo, to be brought to federal court for an evidentiary hearing scheduled for February 4, 2015 in the 2009 case. The warden at the California Men's Colony allegedly failed to follow a court-ordered subpoena and writ for Wilridge's attendance. The Deputy Attorney General representing the warden allegedly on his own quashed that subpoena. Wilridge's attorney allegedly knew Wilridge wanted to testify at the hearing but failed to ensure that Wilridge was present for the evidentiary hearing. Docket No. 1 at 9-14.

The petition for writ of mandate lists five causes of action: (1) writ of mandate against "respondent" for failing to do his ministerial duty to comply with the court's orders; (2) breach of contract by Wilridge's counsel; (3) inadequate legal work by Wilridge's counsel; (4) breach of fiduciary duty based on counsel's careless legal work; and (5) "defendants" denied petitioner his day in court by failing to do their ministerial duty to comply with the writ. Docket No. 1 at 17-22. The petition also contains a cause of action captioned "declaratory relief" requesting a declaration that respondent was required to comply with the requirements of California Penal Code section 5058 and California's Administrative Procedures Act, *see* Cal. Gov't Code section 11370, "before implementation of a scheme to deny a prisoner his right, his day in court, and not follow a court order." Docket No. 1 at 33.

The respondents named in the petition for writ of mandate are three prison wardens, the director of the California Department of Corrections and Rehabilitation, and the attorneys[1] who were appointed to represent Wilridge in the 2009 action.

---

[1] Wilridge alleges that attorneys Erick Guzman and Jay Nelson were appointed to represent him. The filings in the 2009 case show that Erick Guzman was appointed to represent Wilridge.

The petition further alleges that this court erred in dismissing the petition in the 2009 case as time-barred because this court did not first hold a competency hearing and a valid evidentiary hearing. The evidentiary hearing allegedly was not "valid" because Wilridge was not present. Docket No. 1 at 25.

The petition further alleges that the court should sanction the Deputy Attorney General for not complying with the writ and subpoena in the 2009 case. Docket No. 1 at 26. As sanctions, Wilridge requests that the court grant the writ of habeas corpus in the 2009 case, allow the petition in the 2009 case to be heard on the merits, or award damages. *Id.* at 26.

B. <u>The Evidentiary Hearing In The 2009 Case</u>

The court takes judicial notice of the documents filed in the 2009 case. Those documents show the following:

On January 27, 2015, attorney Erick Guzman (i.e., the attorney appointed to represent Wilridge in the 2009 case) applied for a writ of habeas corpus ad testificandum for Wilridge for a February 4, 2015 evidentiary hearing. Docket No. 109.[2] The court issued the writ that day. *Id.*

On January 28, 2015, attorney Guzman reported to the court that he did not anticipate that Wilridge would be testifying at the evidentiary hearing, and instead expected to call only one lay witness (i.e., inmate Watson) who would testify via video-conference and one expert witness. Docket No. 110.

On January 30, 2015, attorney Guzman filed a declaration stating that it was unlikely Wilridge would be produced for the February 4, 2015 hearing because prison officials had informed Guzman that the subpoena/writ had not been transmitted properly: the prison officials told Guzman that the document had to go directly from the court to the prison's out-to-court desk and the prison would not accept the forms from an attorney. Docket No. 111; *see also* Docket No. 113. Defense counsel reported to the court that he would prefer Wilridge to be present but was willing to waive Wilridge's presence at the evidentiary hearing to avoid having to reschedule the

---
[2] All references to docket numbers in this section refer to the docket numbers in the 2009 case.

3

testimony of the expert witnesses. Docket No. 111 at 3. Attorney Guzman also stated that he did not know Wilridge's position, but thought Wilridge most likely would want to be present. *Id.*

The first session of the evidentiary hearing took place on February 4, 2015. The court noted on the record that Wilridge was not present; attorney Guzman stated he would be willing to go forward without Wilridge. Docket No. 126 (reporter's transcript for Feb. 4, 2015 hearing), RT 3. At the end of that session, the court asked if there was any likelihood that Wilridge could be brought to the courthouse for the next session of the evidentiary hearing on February 9, 2015 for the scheduled testimony via videoconference from inmate-witness Watson. RT 145. Attorney Guzman responded, "no." RT 145. The court then set February 24, 2015 for a third session of the evidentiary hearing, at which time the attorneys could make their oral arguments and by which time Wilridge could be brought to the court for that part of the evidentiary hearing. RT 145-48.

A new writ of habeas corpus ad testificandum and a subpoena were issued on February 5, 2015, for Wilridge to be brought to court on February 24, 2015. Docket No. 120.

Wilridge was present for the oral argument on the evidentiary hearing on February 24, 2015. Docket No. 137 (reporter's transcript for Feb. 24, 2015 hearing), RT 2. The transcripts do not contain any statement that Wilridge was expected to testify or wanted to testify.

After the evidentiary hearing, the court determined that Wilridge had not shown entitlement to equitable tolling to excuse his compliance with the habeas statute of limitations deadline. Docket No. 131. The court thus denied his Rule 60(b) motion to set aside the judgment. *Id.* The Ninth Circuit later affirmed. Docket No. 143.

**DISCUSSION**

A.  Legal Standards

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

4

The court also may screen a complaint filed by any plaintiff proceeding *in forma pauperis*, regardless of whether the defendant is a government entity or agent. *See* 28 U.S.C. § 1915(e)(2)(b) (court may dismiss an *in forma pauperis* complaint at any time if the court determines that the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

When the alleged wrongdoer is a federal actor rather than a state actor, § 1983 does not apply, although a civil rights cause of action may exist under the authority of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). To state a private cause of action under *Bivens*, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the violation was committed by a person acting under color of federal law. *See generally Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir.1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*").[3]

---

[3] Even when a constitutional violation has occurred, there is not necessarily a claim that may be pursued under *Bivens.* The Supreme Court has held on three occasions that, even absent statutory authority, a private right of action for damages may be implied from the Constitution itself for constitutional violations by federal employees or their agents. *See Bivens*, 403 U.S. at 392-97 (4th Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (5th Amendment Due Process Clause gender discrimination); *Carlson v. Green*, 446 U.S. 14, 17-19 (1980) (8th Amendment inadequate medical treatment). But "[t]hese three cases -- *Bivens, Davis,* and *Carlson* – represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). The Supreme Court has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *id.* at 1857 (citation omitted), and will not be available if there are "'special factors' counseling hesitation in the absence of affirmative action by Congress," *id.* at 1848 (citation omitted).

B. Review Of Petition For Writ Of Mandate

A writ of mandate or mandamus under the California Code of Civil Procedure is unavailable for Wilridge's problem. California's writ of mandate[4] statute, Cal. Code, Civ. Proc. § 1085, is a procedural rule which a number of courts have held does not apply to a federal court. *See Hill v. County of Sacramento*, 466 F. App'x 577, 579 (9th Cir. 2012) ("The district court also correctly rejected Hill's claim for a writ of mandate under Cal. Civ. Proc. Code § 1085 to compel the defendants to comply with federal regulations . . . . Cal. Civ. Proc. Code § 1085 authorizes only state courts to issue writs of mandate."); *San Francisco Apartment Ass'n v. City & Cnty. of San Francisco*, 142 F. Supp. 3d 910, 917 n.2 (N.D. Cal. 2015) ("§ 1085 is a 'procedural mechanism,' not a substantive claim. . . . Moreover it does not apply in federal court"). *Cf. Pacific Bell Tel. Co. v. City of Walnut Creek*, 428 F. Supp. 2d 1037 (N.D. Cal. 2006) (the "claim for a writ of mandate is a state law claim. Although the asserted bases for issuance of such writ are the City's alleged violations of both federal and state law, the claim remains a state law claim" over which the court refused to exercise supplemental jurisdiction).

Wilridge also is not entitled to relief under the federal mandamus statute because that statute reaches only federal officers and employees, not state officers and employees. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law." *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no-filing in forma pauperis order); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees). Wilridge cannot obtain a federal writ of mandamus compelling California prison officials, a California Deputy Attorney General, or a private attorney to take action or refrain from taking action.

---

[4] The terms "mandate" and "mandamus" generally are interchangeable. *See, e.g.,* Cal. Code Civ. Proc. § 1084 ("The writ of mandamus may be denominated a writ of mandate").

6

Liberally construing the petition for writ of mandate to be a civil rights complaint under 42 U.S.C. § 1983 and/or *Bivens* also does not help Wilridge because there are insurmountable barriers to any such claims. His claim that state officials failed to deliver him to court pursuant to a writ or subpoena does not support relief under § 1983 or *Bivens* because there is no constitutional right to be present at a post-conviction evidentiary hearing. The right to be present at critical stages of the criminal case against the defendant does not continue after the trial. Courts have specifically held that the constitutional right to be present does not apply to attendance at an evidentiary hearing. *See Wade v. Calderon*, 29 F.3d 1312, 1325 (9th Cir.1994) (A "petitioner does not have an automatic right to be present at a hearing in which he is collaterally attacking his criminal conviction."), *overruled in part on other grounds as recognized in Schardt v. Payne*, 414 F.3d 1025 (9th Cir.2005); *Oken v. Warden, MSP*, 233 F.3d 86, 93–94 (1st Cir. 2000) (no due process right to be present during state postconviction hearing). Any § 1983 or *Bivens* claim for a violation of Wilridge's due process or other constitutional right to be present at the evidentiary hearing therefore is meritless because there is no such constitutional right.[5]

Wilridge's theory that respondents were in contempt of court does not help him state a claim. Docket No. 1 at 16. "There is no such thing as an independent cause of action for civil contempt." *D. Patrick, Inc. v. Ford Motor Co.,* 8 F.3d 455, 459 (7th Cir.1993). "Instead, civil contempt proceedings are considered to be a part of the action from which they stem, their purpose being to secure compliance with a prior court order." *Id.* (internal citation and brackets omitted); *see also Finn v. Schiller*, 72 F.3d 1182, 1188 (4th Cir. 1996) (complainant may not proceed by way of a civil action against the alleged contemnor); *Barry v. United States,* 865 F.2d 1317, 1322 (D.C. Cir. 1989) (private party lacks cause of action for civil contempt without other equitable relief). Wilridge's claim that someone was in contempt of court in failing to comply with the

---

[5] The court has referred to the absence of a cause of action under § 1983 or *Bivens* because the petition for writ of mandate is unclear as to which respondent(s) Wilridge proposes to hold liable for his non-appearance at two of the three sessions of the evidentiary hearing. The state prison officials are state actors and § 1983 would be the authority for the claim. The attorneys appointed by the federal court would be federal actors rather than state actors if they were acting under color of law and *Bivens* would be the authority for the claim. It is not necessary to further explore which respondents Wilridge proposes to hold liable because his claim fails for lack of a constitutional violation, regardless whether it is a § 1983 or a *Bivens* claim.

court's writ or subpoena is mertiless as a claim under § 1983 and *Bivens.* The arguments Wilridge is making today should have been brought up (it at all) while the 2009 case was still pending in this court or on appeal.

The second through fifth causes of action in the petition are against Erick Guzman and Jay Nelson, the attorneys appointed to represent Wilridge in the federal habeas action. The claims against the attorneys must be dismissed both because there was no action under color of law and because there was no constitutional violation. The petition fails to state a claim under *Bivens* against the attorneys because they were not acting under color of law in doing the acts and omissions alleged in the petition. State court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson,* 454 U.S. 312, 318–19 (1981); *cf. Vermont v. Brillon,* 556 U.S. 81, 84 (2009) (state court erred in ranking assigned counsel essentially as state actors for purposes of evaluating speedy trial claim). A private attorney representing a defendant or appellant also is not a state actor. *See generally Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir.2003). "If a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding." *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (relying on *Polk County* to determine that federal public defenders are not acting under color of federal law for purposes of *Bivens* action). Although the government may pay for the attorney appointed to represent the criminal defendant, the attorney's unique role leads to him or her being considered a private actor rather than a government actor. "In our system a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided

8

interests of his client.' This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." *Polk County*, 454 U.S. at 318–19. The reasoning of *Polk County* applies to post-conviction challenges to a criminal conviction as well as to the criminal trial itself. *See, e.g., Rowell v. Clark Cnty. Pub. Defender Office*, 157 F. App'x 973, 976 (9th Cir. 2005) (§ 1983 action seeking injunction compelling public defender to file a state habeas petition to raise challenges to plaintiff's conviction was properly dismissed because public defender was not a state actor); *Young v. Needle*, 1992 WL 295234 (9th Cir. 1992) (district court properly dismissed § 1983 action against habeas attorney because *Polk County* compels a conclusion that plaintiff "cannot successfully state a § 1983 claim against his attorney for failing to file a timely notice of appeal or for failing to adequately represent him in his habeas action.") Wilridge fails to state a claim under *Bivens* against the attorneys who were appointed to represent him in his federal habeas action for their activities in that action.

Wilridge's request for declaratory relief must be dismissed because it is at most a claim for a state law violation. He asks that the court declare that some respondent was required to comply with California Penal Code section 5058 and California Government Code section 11370. An alleged state law violation is not actionable under § 1983 or *Bivens*.

Wilridge's request for sanctions against the Deputy Attorney General in the 2009 case is dismissed as frivolous. She has not even been named as a party to this action, and there are no plausible allegations of misconduct by her.

Wilridge alleges that this court wrongly dismissed the petition in the 2009 case. His disagreement with the correctness of the decision in the 2009 case cannot be litigated in this action. The place to challenge that decision was in an appeal from that decision. He did take an appeal in the 2009 case, and lost. He cannot now file a new action to collaterally challenge that decision.

C.  Request For Appointment Of Counsel

Wilridge requests that counsel be appointed to represent him in this action. Docket No. 7. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an

indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. Plaintiff has adequately articulated his claims *pro se*, but there is no likelihood of success on them. The request for appointment of counsel is DENIED. Docket No. 7.

## CONCLUSION

For the foregoing reasons, the petition for writ of mandate is DISMISSED for failure to state a claim upon which relief may be granted. Leave to amend is not granted because the defects in the several claims are not curable by amendment.

The request for appointment of counsel is DENIED.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 30, 2018

_____
SUSAN ILLSTON
United States District Judge